# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        Plaintiff,

v.                                                               Case No. 06-CR-18

**FRANCISCO HERNANDEZ-MARTINEZ**
        **Defendant.**

## DECISION AND ORDER

Defendant Francisco Hernandez-Martinez is charged with unlawfully re-entering the United States after deportation subsequent to his conviction of an aggravated felony. 8 U.S.C. § 1326(a) & (b)(2). He filed motions for discovery, disclosure of impeaching information, suppression of statements, to dismiss the indictment for lack of jurisdiction, and to dismiss based on a collateral attack on his deportation proceeding. The motions were assigned to a magistrate judge, who denied the motions for discovery and disclosure and recommended denial of the motions to suppress and dismiss. Defendant objects.

## I. STANDARD OF REVIEW

When a magistrate judge rules on a non-dispositive pre-trial motion and a party objects, the district court's review is limited to determining whether the order was contrary to law or clearly erroneous. Fed. R. Crim. P. 59(a). The district court reviews de novo any objection to a magistrate judge's recommendation on a dispostive motion. Fed. R. Crim. P. 59(b)(3).

## II. NON-DISPOSITIVE MOTIONS

The magistrate judge denied defendant's motions for discovery and disclosure. Defendant's objections deal almost entirely with the magistrate judge's recommendation on the motion to suppress. At the end of his submission, defendant states: "Mr. Hernandez-Martinez relies on his arguments in his earlier motions with respect to his objections on the remaining issues ruled upon by Judge Goodstein." (Objections at 2.) He provides no explanation as to how the magistrate judge's orders denying his motions for discovery and disclosure were clearly erroneous or contrary to law, and on my review I see no basis to so conclude. The discovery motion was properly denied because the government is following its open file policy and defendant failed to comply with Criminal L.R. 16.1(a). The motion for disclosure of impeaching information was properly denied because the government has acknowledged its obligations under Brady and its progeny, and defendant failed to demonstrate entitlement to additional information. Therefore, the objections to the magistrate judge's rulings on these two motions are overruled.

## III. DISPOSITIVE MOTIONS

### A. Motions to Dismiss

Defendant apparently also objects to the recommendation that his motions to dismiss be denied, but he again provides no specifics, as Rule 59(b)(2) requires. Therefore, he has waived his right to object. Even if not waived, I would overrule defendant's objections and adopt the magistrate judge's recommendation on the motions to dismiss.

### 1. Sufficiency of the Indictment

Defendant argues that the indictment is deficient because it fails to set forth all elements of the offense. Specifically, he contends that the indictment lists an incorrect aggravated felony conviction. The argument fails. First, a defendant cannot challenge an indictment on the grounds that it got the facts wrong. See Costello v. United States, 350 U.S. 359, 363 (1956). Second, even if the present indictment had omitted the aggravated felony entirely, it would still be sufficient. "[U]nder 8 U.S.C. § 1326, prior convictions are a sentencing factor, not an element of the crime, and need not be charged." United States v. Martinez-Garcia, 268 F.3d 460, 464 (7th Cir. 2001) (citing Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998)). Therefore, for these reasons and those provided by the magistrate judge, the motion must be denied.

### 2. Collateral Attack on Deportation

In his second motion to dismiss, defendant attempts to collaterally attack his deportation proceeding. Specifically, he argues that his due process rights were violated when the immigration judge failed to read the allegations against him in Spanish.

Under 8 U.S.C. § 1326(d), an alien may not in a criminal proceeding challenge the validity of his deportation order unless he demonstrates: (1) that he exhausted available administrative remedies, (2) the deportation proceedings improperly deprived him of the opportunity for judicial review, and (3) the entry of the order was fundamentally unfair. Defendant argues that the proceeding was unfair because the allegations were not read to him in Spanish. However, the Order to Show Cause form was printed in both English and Spanish, and defendant does not allege that he did not receive the form or that he

3

cannot read Spanish. Therefore, he has not shown that the proceeding was fundamentally unfair. He makes no attempt to demonstrate the other two factors. Therefore, for these reasons and those stated by the magistrate judge, the motion is denied.

**B.    Motion to Suppress**

Finally, defendant objects to the magistrate judge's recommendation that his motion to suppress statements he made to an Immigration and Customs Enforcement ("ICE") agent be denied. Because his objections are specific, I must conduct a de novo review.

    **1.    Facts**

The magistrate judge held a hearing on the motion, at which the ICE agent and defendant testified. Neither party objects to the magistrate judge's summary of the hearing testimony. Therefore, I adopt the magistrate's summary as my own statement of facts and present only an abbreviated version of events in this decision.

ICE Agent Thomas Moore testified that on November 10, 2005, he questioned defendant in a small interview room at the Dodge Correctional Institution. Moore first asked defendant if he understood English, and it appeared to Moore that defendant did not. Moore then advised defendant in Spanish that he wanted to interview defendant about his immigration status. Moore stated that while he was not fluent in Spanish he had received Spanish training with ICE. Moore read defendant his <u>Miranda</u> rights in Spanish and provided defendant with a written version, printed in Spanish, and defendant followed along as Moore read. Defendant waived his rights, signed the waiver form and made a statement. Defendant admitted that Moore advised him of his rights but stated that he felt

4

misled because he did not believe he would be prosecuted criminally based on his statements.

**2.     Analysis**

A defendant may waive the rights articulated in <u>Miranda</u> provided the waiver is made voluntarily, knowingly and intelligently. <u>Jackson v. Frank</u>, 348 F.3d 658, 662-63 (7th Cir. 2003). In the present case, as the magistrate judge found, it is clear that defendant was properly advised of and waived his <u>Miranda</u> rights. Defendant testified that he did not believe he would be criminally prosecuted for an immigration violation based on his statements, but the "Constitution does not require that a criminal suspect know and understand every possible consequence of a waiver of the Fifth Amendment privilege." <u>Colorado v. Spring</u>, 479 U.S. 564, 754 (1987). Defendant was clearly advised that anything he said could be used against him in court, which is what <u>Miranda</u> requires. <u>See id.</u> Nor is there any evidence that Moore tricked, misled or threatened defendant. Finally, as the magistrate judge also found, defendant spoke freely.

In his objections, defendant argues that the magistrate judge failed to account for the fact that Moore is not fluent in Spanish, which may have impeded their communication. However, Moore testified that defendant understood him and was responsive to his questions. Further, defendant has not alleged that Moore mis-translated any of his responses or that the language barrier led to any significant confusion. Finally and most importantly, defendant read his rights in Spanish on a pre-printed form. Thus, even if Moore's Spanish is imperfect, the waiver is not suspect.

Therefore, for all of these reasons and those stated by the magistrate judge, the motion to suppress must be denied.

5

Case 2:06-cr-00018-LA     Filed 08/12/06     Page 5 of 6     Document 38

## IV.  CONCLUSION

**THEREFORE, IT IS ORDERED** that the magistrate judge's recommendation (R. 35) is **ADOPTED**, defendant's objections (R. 36) are **OVERRULED**, and defendant's motions to suppress (R. 13) and dismiss (R. 14 & 15) are **DENIED**.

**IT IS FURTHER ORDERED** that this matter is scheduled for **TELEPHONIC STATUS** on <u>**Monday, August 21, 2006, at 4:30 p.m**</u>.  The court will initiate the call.

Dated at Milwaukee, Wisconsin this 12th day of August, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge